# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

KALYN A. WATKINS,                    :

    Plaintiff,                    :

vs.                    :        Civil Action No. 1:17-cv-00471-C

NANCY A. BERRYHILL,                    :

    Defendant.                    :

## FINAL JUDGMENT

Social Security Claimant/Plaintiff Kalyn A. Watkins brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 24 ("In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")).

Upon consideration of the briefs of the parties, (Docs. 14 & 20), the administrative record, (Doc. 13), the arguments that were presented during the hearing that was held on September 20, 2018, (*see* Doc. 21), and for those reasons

announced by the Court on the record during the hearing, the decision of the Commissioner should be reversed, and the case should be remanded for further proceedings.

At Step Two of the sequential evaluation process, the Administrative Law Judge ("ALJ") found, relevant to this judgment, Claimant/Plaintiff Watkins had severe impairments that included borderline intellectual functioning and affective disorder. Under SSR 96-8p, when the ALJ evaluates the Claimant/Plaintiff's residual functional capacity ("RFC"), the ALJ is required to consider the Claimant/Plaintiff's nonexertional capacity and make findings, based on the relevant evidence in the case record, of whether the Claimant/Plaintiff is able to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers, and work situations; and deal with changes in a routine work setting. In the Claimant/Plaintiff's RFC, the ALJ found the Claimant/Plaintiff was limited to simple, routine, repetitive tasks. However, the ALJ failed to specifically discuss the findings by Donald E. Hinton, Ph D. that Plaintiff was moderately limited in her ability to respond appropriately to changes in the work setting. Dr. Hinton explained that this limitation would require that the demands of her employment should "mostly be routine." (Administrative Transcript 102). The undersigned agrees with Plaintiff's counsel that the RFC finding that Plaintiff was limited to simple, routine, repetitive tasks is insufficient under SSR 96-8p because there was no discussion or analysis of how the Plaintiff would deal with ordinary changes in

the workplace given her mental impairments.

Therefore, it is hereby **ORDERED** this case is **REVERSED** and **REMANDED** for further proceedings.[1]

**DONE** and **ORDERED** this the 21st day of September 2018.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Any appeal taken from the judgment herein shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 25 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).